## The State v. John Johnston

Generally speaking, the Supreme Court is inhibited by the restraints of the Constitution from entering upon such inquiries as are necessary to determine a question of continuance in a criminal case. In such cases its jurisdiction is limited to questions of law alone. The propriety of granting or withholding a continuance in most criminal cases, depends wholly upon facts within the knowledge of the District Judge, but not cognizable in the Supreme Court. The only proper mode of bringing the subject before the Supreme Court, is by a bill of exceptions which will show affirmatively upon its face that the ruling of the District Court was predicated exclusively upon a matter of law in which the court erred.

The non-attendance of jurors who had been summoned, but not excused, is not good cause for a continuance.

A bill of exceptions was taken to the refusal of the District Judge to grant a continuance because the prisoner had been served with a list of jurors, upon which were the names of three jurors who had been excused for the term prior to the service of the jury list. *By the Court:* Although in these matters affecting life and liberty, the clerks of courts cannot be too particular in the discharge of their duties, and should be held to strict accountability for their negligence, still we are not prepared to say that the accidental insertion of the names of three jurors who had been excused for cause in a list of eighty two, could have confused or embarrassed the prisoner in regard to his challenges. Before the trial he knew that those three were excused. He averred no surprise. He did not allege that the absence of the three jurors entailed any embarrassment upon him in getting an impartial jury. We have no reason to suppose that he was surprised or confused by the failure of the clerk to omit the names of three excused persons. All the jurors who had been summoned, and none who had not been summoned, figured upon the list; and we think the statute requiring a list of the jury who are to pass upon his trial to be served upon the prisoner, was sufficiently complied with.

APPEAL from the First District Court of New Orleans, *Robertson,* J. *Moïse,* Attorney General. *Larue* and *Field,* for appellant.

Spofford, J. *John Johnston* has appealed from the judgment of the First District Court of New Orleans, sentencing him to imprisonment at hard labor for the term of eighteen years, for the crime of manslaughter, of which he was found guilty under an indictment for murder.

I. He complains that the court erred in overruling his motion for a continuance to procure the testimony of an absent witness.

This matter of continuances in criminal cases rests so much in discretion, a discretion generally to be regulated by a state of facts peculiarly *within* the cognizance of the judges of the first instance, that this court has, on numerous occasions, disclaimed the right to interfere with their rulings upon the subject. *State* v. *Hunt,* 4 An., 438; *State* v. *Long,* Ib., 441; *State* v. *Brette,* 6 An., 661; *State* v. *Cazeau,* 8 An., 114; *State* v. *Muldoon,* 9 An., 24.

Generally speaking, this court is inhibited by the restraints of the constitution from entering upon such inquiries as are necessary *to determine* a question of continuance in a criminal case. In such cases its jurisdiction extends to questions of law alone. Const., Art. 62. The propriety of granting or withholding a continuance in most criminal cases, depends wholly upon facts *within* the knowledge of the District Judge, but not cognizable here. The only proper mode of bringing the subject before this court is by a bill of exceptions which will show affirmatively upon its face that the ruling of the District Court was predicated exclusively upon a matter of law in which the court erred.

II. The prisoner objected to going to trial because the jury list served upon him was defective. And he assigns for error the ruling of the District Court which compelled him to go to trial notwithstanding his objections.

Two defects are relied upon: 1st, that the list contained the names of many

jurors who had not attended court during the term, and were not present on the day of trial; and 2dly, because the list contained the names of three jurors who had been excused from serving for the term, prior to the service of the jury list upon the prisoner.

We infer that all the persons upon the list had been duly summoned, as it is not denied.

The first objection is met and answered by the case of the *State* v. *Howell*, 3 An., 51, upon which the prisoner relies. Such a contingency as the non-attendance of some of the jurors who had been summoned and not *excused* was there anticipated and declared to be insufficient ground for postponing the trial. It was said that " the inconvenience to which the prisoner may be subjected in the event of the failure of jurors to attend from unforeseen causes, is one to which he must necessarily submit while deriving the benefit of the statute. It is one of those unavoidable evils which no legislative foresight can provide against, but can never be serious, the number of jurors 'selected at each drawing being limited. The object of the law will be fulfilled if the prisoner be furnished with a list which is correct at the time of its delivery."

The defendant relies upon the last sentence of this extract to sustain his objection that three excused jurors figured upon the list served upon him, a list embracing eighty-two names.

We do not think the case of the *State* v. *Howell* supports any such construction of the statute, which merely requires that " a list of the jury which are to pass on his trial shall be delivered to the accused at least two entire days before the trial." Acts 1855, p. 152, sec. 17. In the *State* v. *Howell*, the list served upon the prisoner " contained the names of one hundred and fifty-six persons, of whom *one hundred and twenty* had been either previously excused *or were not summoned*, or were exempted by law from serving on juries, and had made known their causes of exemption. It was known to the officers of court at the time the list was served, that those one hundred and twenty persons would not be in attendance, or offered to the prisoner at the trial."

Upon this state of facts it was well determined that the spirit of the law requiring a service of the jury list had not been complied with; that the erroneous insertion of one hundred and twenty names in a list of one hundred and fifty-six had a tendency to surprise and embarrass the prisoner in the exercise of his right to challenge jurors, his challenges having been prepared with reference to the extravagantly erroneous list served upon him.

But, although in these matters affecting life and liberty, the clerks of courts cannot be too particular in the discharge of their duties, and should be held to strict accountability for their negligence, still we are not prepared to say that the accidental insertion of the names of three jurors who had been excused for cause, in a list of eighty-two, could have confused or embarrassed the prisoner in regard to his challenges. Before the trial, he knew that those three were excused. He averred no surprise. He did not allege that the absence of the three jurors entailed any embarrassment upon him in getting an impartial jury. We have no reason to suppose that he was surprised or confused by the failure of the clerk to omit the names of three excused persons. All the jurors who had been summoned, and none who had not been summoned figured upon the list; and we think the statute requiring a list of the jury who are to pass upon his trial to be served upon the prisoner, was sufficiently complied with. See *State* v. *White*, 7 An., 532; *Boles* v. *The State*, 2 Cushman, 450.

Judgment affirmed with costs.